FILED
CLERK, U.S. DISTRICT COURT

APR 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RAMON RODRIGUEZ ACOSTA,

    Petitioner,

v.

BEN CURRY, Warden,

    Respondent.

NO. SA CV 08-0096 ABC (FMO)

**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

## INTRODUCTION

On January 15, 2008,[1] petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. On February 27, 2008, respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the Petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner filed an Opposition to the Motion ("Opposition") on March 13, 2008. Respondent did not file a Reply.

On March 27, 2008, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that respondent's Motion be granted and that judgment be entered dismissing this action with prejudice. (See R&R at 2 & 8). On April 8, 2008, petitioner filed Objections to the R&R ("Objections").

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002); accord Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

## **DISCUSSION**

In his Objections, petitioner raises a new argument in an effort to establish an entitlement to equitable tolling. Specifically, petitioner contends that he was prevented from filing his Petition on time because he does not "write" or "speak fluent" English and must rely on fellow prisoners to assist him. (See Objections at 2) (capitalization omitted).

As an initial matter, the Court notes that petitioner's Objections raise new facts that were never presented to the Magistrate Judge. A district court has discretion not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations. Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831, 122 S.Ct. 76 (2001) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."). Petitioner makes no effort to explain why he did not raise this issue in his Opposition. (See, generally, Objections at 1-3). Under the circumstances, the Court will exercise its discretion and decline to consider the new evidence petitioner submitted with his Objections. "Such a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes." ISM Sports, Inc. v. Lemonia Gyro & Souvlaki, Inc., 2005 WL 1861308, at *2 (E.D.N.Y. 2005).

However, even on the merits, petitioner's Objections are insufficient to establish a basis for equitable tolling. AEDPA's one-year statute of limitations may be equitably tolled "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (emphasis added) (internal quotation marks and citation omitted). This standard requires petitioners, who bear the burden of establishing that equitable tolling is applicable to his or her case, see Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003, 123 S.Ct. 496 (2002), to meet a "very high threshold" in order to benefit from equitable tolling. United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004); see also Miranda, 292 F.3d at 1066 ("[T]he threshold necessary to trigger equitable tolling under AEDPA

2

is very high, lest the exceptions swallow the rule.") (internal quotation marks, brackets and citation omitted). Not surprisingly, in light of this high threshold, "equitable tolling is unavailable in most cases[.]" Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, petitioner argues that he is entitled to equitable tolling because he does not "write" or "speak fluent" English. (See Objections at 2) (capitalization omitted). Courts have held, however, that a petitioner's lack of proficiency in the English language is not an extraordinary circumstance that would entitle the petitioner to equitable tolling. See Pham v. Garcia, 2004 WL 3263485, at *5 (S.D. Cal. 2004) ("petitioner's language barrier is an insufficient basis for equitable tolling[]"); Ramos v. Carey, 2003 WL 21788799, at *4 (N.D. Cal. 2003), aff'd, 114 Fed.Appx. 847 (9th Cir. 2004) ("Having limited English-language skills is not an extraordinary circumstance beyond the petitioner's control warranting equitable tolling."). Even assuming, arguendo, that a language barrier is a sufficient grounds for equitable tolling, petitioner has failed to show how his inability to speak or read English made it impossible for him to timely file a federal habeas petition. See Cruz v. Warden, California Men's Colony, 2003 WL 22016786, at *1 (N.D. Cal. 2003) (petitioner's allegation, that his inability to speak English was the cause of his delay in timely filing a federal habeas petition, was rejected where petitioner made only "general allegations," failing to specify any details or time periods)

In short, because petitioner has failed to demonstrate that his lack of proficiency in the English language was the cause of his untimeliness, he cannot meet the "very high threshold[,]" Battles, 362 F.3d at 1197, of establishing the existence of extraordinary circumstances beyond his control and that those extraordinary circumstances were the cause of his untimeliness. See Laws, 351 F.3d at 922.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections

1 | were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate
2 | Judge. Accordingly, IT IS ORDERED THAT:

    1.    Judgment shall be entered dismissing the action with prejudice.

    2.    The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: _____4/14_____, 2008.

_____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

4